IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAN JOAQUIN MOTEL AND HOTEL PROPERY OWNERS ASSOCIATION; ARVIND PATEL; JAWAID AKHTAR; CHANDRAKANT N. PATEL; SAILESH PATEL; PARESH MAKAN; ANIL PATEL; SHAIR AFZL; RANDALL SEGARINI; and FRANCESCA SEGARINI,

    Plaintiffs,

  v.

CITY OF STOCKTON, a municipal corporation; and DOES 1-10, inclusive,

    Defendants.

_____/

No. Civ. 2:02-CV-00898 JAM GGH

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION

Plaintiffs San Joaquin Motel and Hotel Property Owners Association, et al., (collectively "Plaintiffs")[1] brought this

---

[1] The individual plaintiffs in this action are: Arvind Patel, owner of the Delta Hotel; Jawaid Akhtar, owner of the Alex and St. Leo Hotels; Chandrakant N. Patel, operator of the La Verta Hotel; Sailesh Patel, operator of the Cosmos Hotel; Paresh Makan, operator of the Merrill Hotel; Anil Patel, operator of the Mariposa and Oxford Hotels; Shair Afzl, owner of

action against the City of Stockton ("City") alleging civil rights violations and state law claims. The City now moves for summary adjudication. For the reasons set forth below, the motion is DENIED.[2]

## I. UNDISPUTED FACTS

The Court finds the following facts to be undisputed. Plaintiffs are the current and former owners or operators of single room occupancy hotels ("SROs") in the downtown Stockton area.[3] On April 24, 2002, Plaintiffs filed the instant action against the City alleging civil rights violations and state law claims. Plaintiffs' action is predicated upon the City's alleged efforts, via the imposition of new building requirements, a new ordinance, and overzealous code enforcement (e.g., warrantless inspections of SROs), to reduce the value of Plaintiffs' SROs in order to facilitate their purchase by the City, or a private developer in league with the City, as part of a plan to redevelop downtown Stockton. Specifically, in 2001,

---

the Liberty Hotel; Randall Segarini; and Francesca Segarini, owner of the Earle Hotel.

[2] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

[3] Because the relevant facts forming the basis of this litigation are set forth in comprehensive detail in this Court's Memorandum of Opinion and Order filed on February 1, 2005 ("Order") (Docket at 164), the Court will only recite those facts necessary to the resolution of this motion.

the City passed the Hotel, Motel, and Residential Hotel/Motel Permit Ordinance ("Ordinance").  Under the terms of the Ordinance, any person who wanted to operate an SRO in Stockton had to obtain a written permit from the City.  Once an SRO had filed an application for a permit to operate, the Ordinance empowers the Police, Fire, Health, and Environmental Health Departments to conduct inspections to ensure that the SRO is in full compliance with the applicable codes.  The Ordinance permits an initial inspection, and in the event that the initial inspection reveals anything less than full compliance with the applicable codes, the Ordinance permits additional inspections to ensure compliance with the applicable codes.  Notably, the Ordinance does not require municipal inspectors to obtain a warrant prior to conducting inspections.

On August 11, 2004, the City moved for summary judgment on all the claims alleged in the complaint.  On February 1, 2005, the motion was granted in part and denied in part.  Among the remaining claims are plaintiff Arvind Patel, Anil Patel, and Paresh Makan's Fourth Amendment unlawful search and seizure claims predicated upon the City's inspection of their SROs "on a continuous basis" without "prior consent" or an "administrative warrant."  On February 11, 2008, the City moved for summary adjudication of these claims.

II. OPINION

The City maintains that summary adjudication is appropriate with respect to plaintiff Arvind Patel, Anil Patel, and Paresh Makan's Fourth Amendment claims because the warrantless inspections were reasonable under the Fourth Amendment pursuant to either the "special needs" or the "closely regulated business" exception to the warrant requirement.  However, because this Court previously denied summary adjudication with respect to these claims, the Court must determine in the first instance whether reconsideration of its prior Order is appropriate.

A.   Law of the Case and Reconsideration

"Under the law of the case doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case."  Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005).  The purpose of this doctrine is to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.  Id.  "A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."  Id.  The law of the case doctrine does not prevent the court from

4

revising a ruling before final judgment.  <u>Solano Garbage Co. v. Cheney</u>, 779 F.Supp. 477, 483 (E.D. Cal. 1991) (citing Fed.R.Civ.P. 54(b)).

Rule 54(b) provides, in pertinent part that "any order or other form of decision . . . which adjudicates fewer than all the claims of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Local Rule 78-230(k) provides that motions for reconsideration may be brought for "any motion . . . granted or denied in whole or in part . . ."  E.D. Cal. Local Rule 78-230(k).  "Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the new or different facts or circumstances . . . which . . . were not shown upon such prior motion, or what other grounds exist for the motion.  Generally speaking, before reconsideration may be granted, there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice."  <u>Catholic Social Services, Inc. v. Ashcroft</u>, 268 F.Supp.2d 1172, 1195 n. 18 (E.D. Cal. 2002) (internal quotation marks omitted).

///

B.   Special Needs Exception

In support of its argument that the warrantless inspections were reasonable under the Fourth Amendment pursuant to the "special needs" exception to the warrant requirement, the City relies exclusively on Sanchez v. San Diego, 464 F.3d 916 (9th Cir. 2006).  Since Sanchez was decided after this Court's prior Order, it could constitute an intervening change in law warranting reconsideration.  However, because Sanchez neither overruled nor limited Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523 (1967), the Court finds that Sanchez does not constitute an intervening change in law warranting reconsideration of its prior Order.[4]  Sanchez is distinguishable from the instant case in several critical respects, and therefore is not binding.  Accordingly, the City's motion is denied with respect to this issue.

///

C.   Closely Regulated Business Exception

---

[4] In its prior Order, this Court relied upon Camara in rejecting the City's contention that the warrantless inspection regime did not violate the Fourth Amendment.  Docket at 164.  In Camara, the Supreme Court held that warrantless searches of residential property by municipal inspectors violated the Fourth Amendment protection against unreasonable searches and seizures. Camara, 387 U.S. at 534.  There, the Court reasoned that administrative searches for housing code violations significantly intrude upon the interests protected by the Fourth Amendment and, therefore, administrative searches which are not authorized by a warrant violate the traditional safeguards provided by the Fourth Amendment and are unconstitutional.  Id. at 532-34.

The Court further finds the City's argument that the warrantless inspections were reasonable under the Fourth Amendment pursuant to the "closely regulated business" exception to the warrant requirement, to be without merit. In this regard, the City did not offer any compelling basis to warrant reconsideration of this Court's prior Order. For instance, the City did not point to an intervening change in controlling law or other changed circumstances warranting reconsideration. Nor did the City demonstrate that the Order was clearly erroneous or that manifest injustice would result if the Order was not modified. Accordingly, the City's motion is denied with respect to this issue.

In sum, because the City has failed to set forth new facts or law of a strongly convincing nature to warrant reconsideration of this Court's prior Order, and because the Court does not find that reconsideration is necessary to correct "clear error" or prevent manifest injustice, the City's motion is denied.[5]

## III. ORDER

---

[5] To the extent that the City argues that Plaintiffs' Fourth Amendment claims fail on the basis that probable cause existed for the warrantless inspections, the Court finds this argument to lack merit. Probable cause alone is insufficient to satisfy the interests protected by the Fourth Amendment in the context of administrative housing searches. See Camara, 387 U.S. at 534 (administrative housing searches must be conducted pursuant to a warrant).

For the reasons set forth above, the City's motion for summary adjudication is DENIED.

IT IS SO ORDERED.

Dated:  June 18, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE